UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SOHAIL SAFI,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 3:26-cv-5294-CAB-DDL

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Pending before the Court is Sohail Safi's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner is an Afghan national who was granted voluntary departure under safeguards until April 1, 2026. [*See* Doc. No. 4-1.] However, because Petitioner remained in the United States after this date, the voluntary departure order became a final order of removal to France or Afghanistan. [*Id.* at 6 (order for voluntary departure by April 1, 2026 with "alternative order of removal to France, and Afghanistan in the alternative").]

Petitioner argues that he has now been detained for more than six months after his final order of removal in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court agrees. Despite attempting to remove Petitioner to France and Afghanistan since his final order of removal, Respondents have been unable to remove him to either country. The

parties' latest status report states that Immigration and Customs Enforcement ("ICE") is "diligently pursuing Petitioner's removal [to Afghanistan] via commercial flight" but that they do not yet have the required transportation letter from the government of Afghanistan to do so. [Doc. No. 21.]

Given these facts, the Court finds that (1) Petitioner has been detained for over six months following his final order of removal and (2) Respondents have not shown that there is a significant likelihood of removal in the reasonably foreseeable future to either France or Afghanistan, the countries identified in his final order of removal. Nor have Respondents provided any facts or arguments to demonstrate that unless Petitioner remains detained, he is unwilling or unable to provide the information needed for Respondents to pursue or execute his removal when the proper documentation is secured and removal travel scheduled. Respondents similarly do not provide any facts or argument that when Respondents are able to secure the necessary documentation to effect Petitioner's removal to an appropriate country, that Petitioner will not comply. The Court therefore **GRANTS** the writ of habeas corpus pursuant to *Zadvydas* and **ORDERS** Respondents to immediately release Petitioner subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3).

The Court **DENIES** Petitioner's request to enjoin Respondents from removing Petitioner to a country other than France or Afghanistan ("third country") without certain notice requirements and other protections. [Petition at 12.] There is no evidence that a third country has been identified, or that if one is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current

record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country.

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: November 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge